**Not For Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| JESUS LOPEZ-MORALES, | : | |
| | : | Civil Action No. 17-12975 (ES) |
| Petitioner, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| CHARLES GREEN, | : | |
| | : | |
| Respondent. | : | |

**SALAS, DISTRICT JUDGE**

Petitioner Jesus Lopez-Morales ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Essex County Correctional Facility in Newark, New Jersey. On December 6, 2017, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention pending removal. (D.E. No. 1, Petition ("Pet")). For the reasons stated below, the Court will deny the Petition.

**I. BACKGROUND**

Petitioner, a native and citizen of Mexico, entered the United States on at an unknown place and date. (D.E. No. 4, Respondent's Answer ("Answer") 2). On May 5, 2017, DHS issued Petitioner a Notice to Appear. (*Id.*, Ex. A). At that time, DHS determined that he was subject to discretionary detention pursuant to 8 U.S.C. § 1226(a). (*Id.*, Ex. B). On May 25, 2017, Petitioner appeared before an immigration judge for a bond hearing, which the judge denied because Petitioner is a danger to the community. (*Id.*, Ex. C). Petitioner appealed that decision to the

Board of Immigration Appeals ("BIA"), and on November 28, 2017, the BIA dismissed his appeal, agreeing that Petitioner was a danger to the community. (*Id.*, Ex. D).

On December 6, 2017, Petitioner submitted the instant habeas Petition, arguing that his prolonged mandatory detention violates his due process rights. (D.E. No. 1). Respondent filed opposition, arguing that Petitioner is detained under the discretionary detention statute, 8 U.S.C. § 1226(a), and has received a bond hearing. (D.E. No. 4). Petitioner filed a reply, acknowledging Respondent's arguments, but then focusing only on mandatory detention under § 1226(c). (D.E. No. 5).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

The Court has subject matter jurisdiction over this Petition under § 2241, because Petitioner (1) was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, *see Spencer v. Lemna*, 523 U.S. 1, 7 (1998) and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 49-–95, 500 (1973); and (2) asserts that his detention is not statutorily authorized, *see Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011).

B.  Analysis

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings.

Title 8 U.S.C. § 1226 governs the pre-removal-order detention of an alien. Section 1226(a) authorizes the Attorney General to arrest and to detain or release, an alien, pending a decision on whether the alien is to be removed from the United States, except as provided in subsection (c). Section 1226(a) provides, in relevant part:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General-
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on-
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole; . . .

8 U.S.C. § 1226(a).

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1), which provides in relevant part:

> The Attorney General shall take into custody any alien who—
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

(C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or

(D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,

when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

*Id.* § 1226(c)(1).

Despite his reliance in his Petition and Reply on cases involving mandatory detention, Petitioner is being discretionally detained pursuant to § 1226(a), not mandatorily detained under 1226(c). Aliens held pursuant to 8 U.S.C. § 1226(a) are entitled to bond hearings at which they can secure their release if they can "demonstrate [that] they would not pose a danger to property or persons and . . . are likely to appear for any future proceedings." *Contant v. Holder*, 352 F. App'x 692, 694–96 (3d Cir. 2009); 8 C.F.R. § 236.1(c)(8). Congress specifically provided immigration officials with the discretion to grant or withhold release on bond, and "[n]o court may set aside any action or decision by [immigration officials] under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). District courts sitting in habeas review therefore have no jurisdiction to review the decision of an immigration judge denying bond. *See*, *e.g.*, *Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *2 (D.N.J. Jan. 5, 2016).

Thus, where a § 1226(a) detainee was provided with a bona fide bond hearing, this Court may not grant him a new bond hearing or order his release, and the petitioner seeking review of the bond decision must instead either appeal the denial of bond to the Board of Immigration Appeals or seek his release through filing a request with immigration officials for a bond

4

redetermination. *Id.*; *see also Contant*, 352 F. App'x at 695. The only situation in which a discretionary detainee who has received a bond hearing may be entitled to habeas relief arises where the petitioner can show that his bond hearing was conducted unlawfully or without Due Process, in which case this Court may have the authority to order a new bond hearing. *See*, *e.g*, *Garcia v. Green*, No. 16-0565, 2016 WL 1718102, at *3–4 (D.N.J. Apr. 29, 2016).

Here, Petitioner received a bona fide bond hearing before an immigration judge and he appealed that decision to the BIA. Because Petitioner has received the only relief this Court can provide to him under § 1226(a) – a bond hearing – the Court will deny his Petition. Petitioner is free to seek bond redetermination by the immigration judge, as appropriate, under 8 C.F.R. § 1003.19(e).

## III. CONCLUSION

For the foregoing reasons, the Petition is denied without prejudice. An appropriate Order accompanies this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**